VAILSBURG MOTOR CORPORATION, RESPONDENT, v. FIDELITY AND CASUALTY COMPANY, APPELLANT.

Argued May 18, 1933—Decided May 24, 1933.

For the appellant, *Edwin F. Smith.*

For the respondent, *Harry T. Davimos.*

PER CURIAM.

At the first trial Judge Dungan directed a verdict for the defendant, and the judgment on that verdict being reviewed here on appeal, the result was a reversal and remand for a new trial, at which the evidence was taken anew, but to the same effect as at the first trial.   The trial judge doubtless deeming our decision reported in 110 *N. J. L.* (at *p.* 209) controlling in the premises, directed a verdict for the plaintiff, and the judgment on that verdict is now before us.

The two pertinent provisions of the policy, and the facts relevant thereto, are set out in our former decision and need not be here repeated.   The argument appears to be at this time, that because the "force and violence" mentioned in indemnity paragraph I, were not exerted until after the combination of the outer door had been opened by manipulation, the loss was not "occasioned" while the safe was "duly closed and locked by at least one combination or time lock."

This seems to be a presentation in a slightly different form of the same point that Judge Dungan at the first trial decided against the company, in which decision we expressly concurred. 110 *N. J. L.* 210. The argument seems to be that because the manipulation of the combination lock preceded the breaking of the inner door, the "felonious entry by actual force" was not made "while such safe was duly closed and locked by at least one combination or time lock." As we read the brief of the former argument, Judge Dungan's decision on this point was not questioned on the appeal, so that it is rather late to raise the question now. Apart from this, the loss was occasioned by felonious and forcible entry into the safe, and at the time the operation of entering it was begun, the safe was duly closed and locked by a combination lock. The loss was "effected," as we previously held, by breaking the inner door; but the felonious entry as an operation began by the turning of the combination, prior to which the safe was duly closed and locked.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.